SIMON WEISMAN *vs.* PHILADELPHIA, WILMINGTON, &
BALTIMORE R. R. CO.

PROVIDENCE—MAY 23, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Common Carriers.   Bills of Lading.   Negligence of Carrier.   Delivery to Consignee.*

The plaintiff shipped goods from Providence to Baltimore.  He received a bill of lading reciting that the consignee was "S. W., Baltimore, Md." He attached to the bill of lading a draft for the price of the goods and sent the draft to Baltimore.  The goods were intended for X.  They were delivered, at the address stated and to the person intended by the plaintiff, in the same way that previous shipments by the plaintiff had been delivered.  In an action against the defendant by the plaintiff for wrongfully delivering the goods before payment of the price :—

*Held,* that as the plaintiff did not notify defendant of his intention to have the price paid before delivery, or have the bill of lading so made as to require its production as a condition of receiving the goods, the defendant was guilty of no breach of duty in delivering the goods.

ASSUMPSIT for breach of contract against a common carrier for wrongfully delivering goods to a consignee.   The plaintiff shipped goods from Providence to Baltimore.   He received a bill of lading reciting that the consignee was "S. W. 810 Baltimore St., Baltimore, Md."   The bill of lading provided : "If the word 'order' is written hereon immediately before or after the name of the party to whose order the property is consigned, without any condition or limitation other than the name of the party to be notified of the arrival of the property, the surrender of this bill of lading, properly indorsed, shall be required before delivery of the property.   If any other than said form of consignment is used herein the property may, at the option of the carrier, be delivered without requiring the production of this bill of lading."   He attached to the bill of lading a draft for the price of the goods, and sent the draft to Baltimore.   The goods were delivered, at the address and to the person intended by plaintiff to receive them, in the same way that previous shipments by

plaintiff had been delivered.    Heard on petition of plaintiff for new trial, and new trial denied.

PER CURIAM.    The case shows that the goods for the wrongful delivery of which, as alleged, this suit is brought, though directed to the plaintiff himself, were delivered at the place directed and to the person to whom the plaintiff intended that the delivery should be made, in precisely the same way that previous shipments by the plaintiff had been delivered.    The complaint of the plaintiff is not that the goods were not delivered to the proper person at the proper place, but rather that they were delivered prematurely, his intention being that they should not be delivered until the price had been paid.    He did not, however, notify the defendant of his intention to have the price paid before delivery, and when he shipped the goods he did not have the word "order" inserted before or following his initials as consignee in the bill of lading; so that according to the terms of the bill of lading it was optional with the defendant to require its production before the delivery of the goods or to deliver them without its production.    The loss which the plaintiff has suffered by his inability to collect the value of the goods from the person to whom they were delivered is due, therefore, to the failure of the plaintiff either to notify the defendant not to deliver the goods until the price had been paid or to have the bill of lading so made as to require its production as the condition of receiving the goods.    We do not see that the defendant has failed either in the delivery of the goods according to the intent of the contract or in its duty to the plaintiff.

It is a well-established principle that when one of two innocent persons must suffer loss, he shall bear it whose act or fault has occasioned the loss.    Our opinion is, therefore, that the plaintiff's petition for a new trial should be denied and dismissed and the case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*J. Jerome Hahn,* for plaintiff.

*David S. Baker,* for defendant.